IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NATHANIEL D. BETHEA, an individual;

Plaintiff,

vs.

ACCESS BANK, a Nebraska bank;

Defendant.

8:17CV135

ORDER

Plaintiff has moved to extend the written discovery deadline, explaining Plaintiff's counsel inadvertently failed to timely serve Plaintiff's discovery requests. ([Filing No. 23, at CM/ECF p. 2](#)). Plaintiff further argues that written discovery served by Defendant on February 5, 2018 is untimely. In response, Defendant argues: 1) Plaintiff has failed to prove good cause for extending the discovery deadline; 2) Defendant's supplemental written discovery served on February 5, 2018 was timely; and 3) even if discovery must be served sufficiently in advance to demand a response before the written discovery deadline, Defendant had good cause for untimely serving the supplemental written discovery because it follows up on matters first raised during Plaintiff's deposition, and Plaintiff delayed setting that deposition for over two months.

ANALYSIS

A case progression order was entered on September 1, 2017. ([Filing No. 12](#)). Under the terms of that order, the "deadline for *completing* written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure [was] February 5, 2018," with "[m]otions to compel Rule 33 through 36 discovery must be filed by February 19, 2018." ([Filing No. 12, at CM/ECF p. 2](#) (emphasis

added)). Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Counsel's inadvertence in failing to serve written discovery cannot support a finding of due diligence. As such, Plaintiff's motion to extend the written discovery deadline must be denied.

As to Defendant's supplemental discovery served on February 5, 2018, the discovery was untimely under the court's progression order. The order states written discovery must be "completed," not served, by February 5, 2018. But even assuming Defendant's supplemental written discovery was untimely served, Defendant states the discovery (one Interrogatory and three Requests for Production) concerns matters that arose out of Plaintiff's deposition testimony. The evidence reflects Defendant began asking for dates to depose Plaintiff as early as November 10, 2017, (Filing No. 24-3, at CM/ECF p. 2), and repeated that request on November 27, 2017, (Filing No. 24-3, at CM/ECF p. 1); on December 8, 2017, (Filing No. 24-5); and on December 12, 2017, (Filing No. 24-6). On December 12, 2017, Plaintiff provided a proposed date—January 11, 2018. Defendant confirmed January 11, 2018 would work, but was then advised it did not work for Plaintiff's counsel. The deposition was re-scheduled for

January 22, 2018, but was delayed to January 29, 2018 due to weather. ([Filing No. 24-7](#)).

Under the facts presented, the court finds Defendant acted with due diligence in attempting to depose Plaintiff while allowing sufficient time thereafter to timely serve additional written discovery as needed. The court finds Defendant will be prejudiced if unable to obtain discovery which follows up on Plaintiff's testimony.

Accordingly,

IT IS ORDERED:

1) Defendant's objection, ([Filing No. 24](#)), is sustained, and Plaintiff's motion to extend, ([Filing No. 23](#)), is denied.

2) Defendant's discovery served in February 5, 2018 is deemed timely served, and Plaintiff must respond to this discovery. Any motion to compel Plaintiff's responses to the February 5, 2018 discovery shall be filed on or before March 21, 2018.

**Reminder**: Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

February 24, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge