IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHANIEL D. BETHEA, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ACCESS BANK, a Nebraska bank;<br><br>Defendant. | 8:17CV135<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Nathaniel Bethea alleges the following claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et seq.*, against Defendant Access Bank: 1) employment discrimination based on religion; 2) failure to accommodate a religious practice; and 3) retaliation for requesting an employment accommodation. (Filing No. 1).

Plaintiff argues his religious practices preclude him from working during the Sabbath, which he defines as weekly occurring from Friday nightfall through the following Saturday. (Filing No. 39-2 at CM/ECF p. 72). Plaintiff claims he requested an accommodation from his former employer—Access Bank—that would excuse him from working Saturday shifts in order to observe the Sabbath. He further alleges that he was denied that accommodation and was instead terminated as an employee based on his request. Defendant Access Bank denies that Plaintiff's termination was result of his religious practices or his request for an accommodation. (Filing No. 5).

Currently, this matter is before the court on Defendant's Motion to Compel. (Filing No. 34). Defendant requests an order compelling Plaintiff to produce

documents responsive to Defendant's Requests for Production Nos. 23 and 24. (Id.). Defendant requests "all documents reflecting any purchases made by you between December 8, 2015 and the present that occurred between 5 p.m. on a Friday and 12 a.m. on a Sunday" and "all documents, including but not limited to text messages or emails with clients or potential clients, reflecting any real estate showing that you attended from January 1, 2016 to present[.]" (Id.). Defendant claims this information is relevant to whether Plaintiff's purported religious belief is "sincerely held," as required by statute. (Filing No. 35). Plaintiff responds that the information sought is irrelevant, overbroad, and seeks to improperly evaluate his religious convictions. (Filing No. 38 at CM/ECF p. 3).

For the following reason, the court will grant Defendant's motion.

ANALYSIS

Generally speaking, the Federal Rules of Civil Procedure allow for discovery of "any unprivileged matter that is relevant to a party's claim or defense." Gov't of Ghana v. ProEnergy Servs., LLC, 677 F.3d 340, 344 (8th Cir. 2012) (citing Fed. R. Civ. P. 26(b)(1)). And relevancy, for the purposes of discovery, encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "[R]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011) (internal citation omitted).

The party seeking discovery "must make '[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.'" Prism Techs., LLC v. Adobe Sys., Inc., 284 F.R.D. 448, 449 (D. Neb. 2012) (quoting Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir.1992)). "[D]iscovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (internal citation omitted).

I. Relevancy

As outlined above, Defendant is required to establish that its document requests are reasonably targeted to obtain materials that bear on one of the claims or defenses raised in the case. Oppenheimer, 437 U.S. at 351.

Plaintiff's claims for religious discrimination and failure to accommodate share the necessary element that Plaintiff hold a "bona fide religious belief that conflicts with an employment requirement…[.]" Ollis v. HearthStone Homes, Inc., 495 F.3d 570, 575 (8th Cir. 2007) (citing Seaworth v. Pearson, 203 F.3d 1056, 1057 (8th Cir.2000)).

A religious belief is "bona fide" if the plaintiff establishes that it is both religious and "sincerely held." E.E.O.C. v. JBS USA, LLC, No. 8:10CV318, 2013 WL 6621026, at *16 (D. Neb. Oct. 11, 2013). Put differently, "if the religious beliefs…are <u>not</u> sincerely held, there has been no showing of a religious observance or practice that conflicts with an employment requirement." E.E.O.C.

v. Abercrombie & Fitch Stores, Inc., No. 4:08CV1470JCH, 2009 WL 3517578, at *3 (E.D. Mo. Oct. 26, 2009) (emphasized added).

Here, Defendant contests whether Plaintiff's religious belief in observation of the Sabbath is sincerely held, and it seeks discovery probative of that contention.

As correctly noted by Plaintiff, it would be improper for the court to evaluate the truth, logic, or reasonableness of Plaintiff's religious beliefs. (Filing No. 38 at CM/ECF pp. 2-3). But, the court here makes no such determination. The court need not—and should not—evaluate the substance of Plaintiff's professed religious practices. Fowler v. Rhode Island, 345 U.S. 67, 70 (1953). However, it is entirely proper to allow inquiry into whether Plaintiff, as an individual, himself sincerely holds the religious views at issue.

Establishing that a religious belief is "sincerely held" requires a determination of Plaintiff's credibility. And "[c]redibility issues such as the sincerity of an employee's religious belief are quintessential fact questions" best left to a jury. Abercrombie & Fitch Stores, Inc., 2009 WL 3517578, at *3; see also Franks v. Nebraska, No. 4:10CV3145, 2012 WL 71707, at *13 (D. Neb. Jan. 10, 2012) ("fair assessment of the plaintiff's sincerity would require the sort of credibility determination that is best left for trial").

Plaintiff is not required to demonstrate perfect adherence to his purported views in order to establish they are sincere. See, e.g., Moussazadeh v. Texas Dep't of Criminal Justice, 703 F.3d 781, 790 (5th Cir. 2012) ("sincerity does not necessarily require strict doctrinal adherence to standards created by organized religious hierarchies"). However, a jury may properly view a pattern of deviation

from proclaimed beliefs in determining whether Plaintiff is sufficiently credible regarding his sincerity. Franks, 2012 WL 71707, at *13.

Defendant's Requests for Production No. 23 and 24 seek information regarding Plaintiff's activities occurring on his stated religious Sabbath. As such, Defendant seeks relevant information regarding a required element of Plaintiff's claim, and these requests run afoul of neither the federal rules nor Plaintiff's constitutionally protected religious interests.

    II.    Breadth

Plaintiff further argues that the scope of Defendant's Request for Production No. 24 is overbroad. (Filing No. 38 at CM/ECF p. 6).

Request No. 24 seeks information regarding Plaintiff's work schedule with his subsequent employer, Nebraska Realty. Plaintiff argues that this request would be unduly burdensome insofar as it asks Plaintiff to parse through emails and other documentation of correspondence with both clients and <u>potential</u> clients to produce documentation of real estate showing in which he participated. (Filing No. 38 at CM/ECF p. 6) (emphasis in original).

The court has already herein determined that these requests are relevant to a prima facie element of Plaintiff's claim. And, "[t]he fact that production of documents would be burdensome and expensive and would hamper a party's business operation is not a reason for refusing to order production of relevant documents." Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 610 (D. Neb. 2001) (internal citation omitted). The standard is whether the burden or expense is "undue" and whether the "hardship is unreasonable in the light of the benefits to be secured from the discovery." Id. A party claiming requests are unduly burdensome cannot

5

make conclusory allegations, and must provide some evidence regarding the time or expense required. Doe v. Nebraska, 788 F. Supp. 2d 975, 981 (D. Neb. 2011) (internal citation omitted). Plaintiff has provided no information, other than conclusory assertions, that would indicate to the court that the burden presented here is undue or that the hardship required would be unreasonable.

However, the court notes that, as drafted, Defendant's Request No. 24 could be interpreted as requesting documentation of all Plaintiff's real estate showing between January 1, 2016 and the present. (Filing No. 34 at CM/ECF p. 1). But, the parties seem to agree in their briefing that Defendant seeks documentation of real estate showings occurring only on Saturdays. The court agrees with this position and will only compel production of documents that are responsive to whether Plaintiff attended any real estate showings on a Saturday during the period requested.

In sum, and for the foregoing reasons,

IT IS ORDERED:

1) Defendant's Motion to Compel (Filing No. 34) is granted.

2) Plaintiff shall respond to Defendant's Requests for Production No. 23 and 24 on or before May 10, 2018.

Dated this 19th day of April, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge